Yang v. Sessions

BIA
Loprest, IJ
A205 511 039

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand eighteen.

PRESENT:
 PIERRE N. LEVAL,
 GERARD E. LYNCH,
 DENNY CHIN,
  *Circuit Judges.*

_____

NENG-MENG YANG,
  *Petitioner,*

 v.                                   16-2695
                                      NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:          Lee Ratner, Law Office of Michael
                         Brown, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Greg D. Mack,
                         Leslie McKay, Senior Litigation
                         Counsel, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED IN PART and DENIED IN PART.

Petitioner Neng-Meng Yang, a native and citizen of the People's Republic of China, seeks review of a July 13, 2016, decision of the BIA affirming a June 16, 2015, decision of an Immigration Judge ("IJ") denying Yang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Neng-Meng Yang*, No. A205 511 039 (B.I.A. July 13, 2016), *aff'g* No. A205 511 039 (Immig. Ct. N.Y. City June 16, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the adverse credibility determination on which the BIA declined to rely. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, we have assumed Yang's credibility as to past events and his subjective fear of harm. *Yan Chen v. Gonzales*, 417 F.3d 268, 271-72 (2d Cir. 2005).

<u>Family Planning Claim</u>

We remand to the BIA as to Yang's claim based on his

2

resistance to China's coercive family planning policy. We have reviewed the agency's factual findings for substantial evidence, and "[q]uestions of law, as well as the application of legal principles to undisputed facts . . . de novo." *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). An applicant seeking asylum and withholding of removal must establish that his past persecution or fear of future persecution is "*on account of* race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. § 1101(a)(42) (emphasis added),i.e., that the protected ground is "one central reason" for the persecution. *Id.* § 1158(b)(1)(B)(i); *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010) (explaining that the burden is on the alien "to establish a sufficiently strong nexus to . . . [a] protected ground[]").

The IJ reasonably determined that Yang was arrested and detained for disorderly conduct rather than resistance to China's family planning policy. Yang testified that he was arrested after complaining about not being allowed to have a second child and kicking over a chair in the family planning office. The IJ found that the chair-kicking, rather than Yang's complaining, was the cause of the

3

arrest.  Given Yang's testimony that he was not arrested until he kicked over the chair, that determination was supported by substantial evidence.  *Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007) (deferring to agency inference "[s]o long as an inferential leap is tethered to the evidentiary record"); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157 (2d Cir. 2008) (according substantial deference to the agency's findings of fact and "assessment of competing evidence").

However, the agency overlooked significant evidence in determining that Yang failed to demonstrate a nexus between his opposition to the family planning policy and the altercation with family planning officials when they came to Yang's house to take his wife for her family planning checkup. The agency focused only on Yang's concern over his wife's health and ignored his assertion that he also resisted the officials while expressing his disagreement with the family planning policy.

The BIA's rejection of the adverse credibility determination undermines the IJ's finding on that point because we must credit Yang's statements about past events. *See Yan Chen*, 417 F.3d at 271 (holding that we may not rely on an adverse credibility determination where the BIA

4

explicitly assumed credibility). Assuming Yang's credibility, it appears that the agency failed to take into account evidence that Yang angered the family planning officials not just by arguing that his wife was not feeling well, but also by insisting that he and his wife were entitled to have a second child and that therefore his wife would no longer attend pregnancy checkups. It was only after he made these statements that he had a physical altercation with the officials. Given this sequence of events, the agency either overlooked Yang's comments or failed to explain its conclusion that Yang scuffled with officials because of his wife's health rather than his opposition to the family planning policy. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir. 2006) (holding that we cannot make a substantial evidence determination where the agency decision omits facts that are "fundamental to the claim").

The agency further overlooked evidence that the family planning officials considered Yang to be resisting the family planning policy. The officials accused him of openly violating the family planning policy and returned to his home on more than one occasion seeking to arrest him for the violation. *See Chun Gao v. Gonzales*, 424 F.3d 122,

5

129 (2d Cir. 2005) ("[A]n imputed political opinion, whether correctly or incorrectly attributed, can constitute a ground of political persecution." (internal quotation marks omitted)).  Because we must assume credibility, as the BIA did, we credit Yang's assertions that these events took place.  *Yan Chen*, 417 F.3d at 271.  A failure to consider such evidence warrants remand.  *Id.* at 272 (finding "significant error" where the agency "failed to consider relevant evidence").

In addition to overlooking evidence of nexus, the agency overlooked potentially significant evidence relating to Yang's fear of future persecution on account of his resistance to the family planning policy.  Yang asserted that family planning officials still frequently visit his home in an effort to arrest him for violating the policy.  As noted above, the fact of those visits must be assumed absent an adverse credibility determination.  *See id.* at 271-72.  In finding that Yang failed to meet his burden, the agency credited Yang's wife's assertion that the family planning officials sought to arrest Yang for smuggling, which it determined was unrelated to the alleged violation of the family planning policy.  But Yang's wife wrote that family planning officials repeatedly came to her home to

6

punish Yang for violating the policy, and only sought to arrest him for smuggling after she told them that he had left for the United States. Remand to the agency is therefore appropriate for further consideration of Yang's claims based on his resistance to the family planning policy. *Id.* at 272, 275 (remanding where the agency "failed to consider relevant evidence"); *see also Uwais v. U.S. Att'y Gen.*, 478 F.3d 513, 519 (2d Cir. 2007) (remanding where we could not "predict with confidence that, applying the correct legal standards and addressing the complete factual record, the agency would again deny [petitioner's] claim.").

Christianity Claim

The agency did not err in denying Yang's claim for relief based on religious persecution. Yang had to demonstrate a well-founded fear of future persecution because he did not allege past persecution on that basis. 8 C.F.R. § 1208.13(a), (b). A fear of future persecution must be "objectively reasonable," *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004), and requires "solid support in the record" to demonstrate that the fear is more than "speculative," *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). An applicant can either

7

"provide evidence that there is a reasonable possibility []he will be singled out for persecution" or show "that there is a pattern or practice in his . . . country of nationality . . . of persecution of a group of persons similarly situated to the applicant." *Lianping Li v. Lynch*, 839 F.3d 144, 150 (2d Cir. 2016) (quoting 8 C.F.R. § 1208.13(b)(2)(iii)(A)).

The agency reasonably found that Yang failed to show that he would be singled out for persecution. Yang admitted that he never experienced any problems practicing his religion while he was in China. The agency also reasonably determined that there is no pattern or practice of persecuting persons similarly situated to Yang. The State Department report on Religious Freedom in China notes that some local authorities let unregistered religious groups practice their beliefs in peace. It also notes that, since 2005, China's State Administration for Religious Affairs has permitted individuals to hold religious gatherings without registering with the government. Though the report also contains instances of government officials harassing members of underground churches, these instances do not vitiate the agency's conclusion that Yang failed to demonstrate that his fear of

future persecution is objectively reasonable. *Siewe*, 480 F.3d at 167-68 (holding that we defer to the IJ as the finder of fact "[w]here there are two permissible views of the evidence").

For the foregoing reasons, the petition for review is GRANTED IN PART and the case is REMANDED for further consideration of Yang's fear of persecution on account of his resistance to China's coercive family planning policy, but DENIED IN REMAINING PART as to Yang's claim of religious persecution. As we have completed our review, and the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk